UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE MATIR-MARTINEZ,<br><br>     Petitioner,<br><br> v.<br><br>BRUCE SCOTT, et al,<br><br>     Respondents. | CASE NO. 2:25-cv-02194-LK-BAT<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

   This matter comes before the Court on pro se Petitioner Jose Matir-Martinez's Emergency Petition for Temporary Restraining Order and Temporary Injunction. Dkt. No. 2. For the following reasons, the Court denies the motion.

   Mr. Matir-Martinez's emergency motion seeks to enjoin Respondent Bruce Scott and other unnamed individuals from "deporting him back to El Salvador and any other country unknown to him that would jeopardize his life[,] health[,] and well being in violation of [his] constitutional protections and rights of due process and liberty interest." *Id.* at 1–2.

   Federal Rule of Civil Procedure 65 empowers the court to issue a temporary restraining order ("TRO"). Fed. R. Civ. P. 65(b). Like a preliminary injunction, a TRO is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (the standards applicable

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

to TROs and preliminary injunctions are "substantially identical"). The Court will not "mechanically" grant an injunction for every violation of law. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982). Instead, plaintiffs seeking a TRO must establish that (1) they are "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20. The mere "possibility" of irreparable harm is insufficient; instead, the moving party must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id.* at 22. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and **"the movant[] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required."** Fed. R. Civ. P. 65(b)(1).

Here, Mr. Matir-Martinez is not entitled to a TRO—with or without notice to the opposing parties—because he does not allege that he will suffer irreparable injury in the absence of emergency relief. Specifically, he does not assert anywhere in his TRO, habeas petition, or related documents—nor is it apparent from any of those documents, *see* Dkt. Nos. 2, 6—that he will imminently be removed to "El Salvador [or] any other country unknown to him that would jeopardize his life[,] health[,] and well being[.]" Dkt. No. 2 at 1–2. Accordingly, the Court DENIES Mr. Matir-Martinez's Emergency Petition for Temporary Restraining Order and Temporary Injunction. Dkt. No. 2.

Dated this 5th day of November, 2025.

*Lauren King* (signature)

Lauren King
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2