1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE MARTIR-MARTINEZ,

                            Petitioner,

        v.

BRUCE SCOTT,

                            Respondent.

CASE NO. 2:25-cv-02194-LK-BAT

ORDER DENYING MOTION FOR
RECONSIDERATION

This matter comes before the Court on pro se Petitioner Jose Martir-Martinez's "Surreply to Judges' Order Denying TRO with Attached Affidavits in Support." Dkt. No. 9. He states that the filing is in "response to Judge's order dated 11/05/2025 docket No. 7, denying Temporary Restraining Order." *Id.* at 1. In light of Mr. Martir-Martinez's pro se status, the Court construes the filing as a motion for reconsideration.

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an

ORDER DENYING MOTION FOR RECONSIDERATION- 1

intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Mr. Martir-Martinez states that he will face "dire consequences" if he is removed to his native country of El Salvador, Dkt. No. 9 at 1, and he files affidavits from his parents to support that statement, Dkt. No. 11 at 2–3. However, his motion does not state that he was unable to file the affidavits earlier with reasonable diligence. Nor does he show that the Court committed clear error or that there was an intervening change in the law. The Court's prior Order denied the motion for a TRO because Mr. Martir-Martinez did not allege that he will suffer irreparable injury in the absence of emergency relief or that he faces imminent removal to El Salvador, Dkt. No. 7 at 2, and his Surreply does not contain such allegations either, *see generally* Dkt. No. 9.

Accordingly, construing Mr. Martir-Martinez's Surreply as a motion for reconsideration, the Court DENIES it. Dkt. No. 9.

Dated this 26th day of November, 2025.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION- 2