UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE MARTIR-MARTINEZ,

                    Petitioner,

        v.

BRUCE SCOTT et al.,

                    Respondents.

CASE NO. 2:25-cv-02194-LK

ORDER ADOPTING REPORT AND
RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Brian A. Tsuchida. Dkt. No. 19. Petitioner Jose Martir-Martinez filed a petition for habeas corpus under 28 U.S.C. § 2241. Dkt. No. 6. For the reasons described below, the Court adopts the R&R and dismisses Martir-Martinez's petition.

## I.    BACKGROUND

The facts of this case are not in dispute. Martir-Martinez is a native and citizen of El Salvador. Dkt. No. 17 at 1. He was arrested near the border in Texas by immigration authorities in 2022 and removed from the United States on March 18, 2022. *Id.* at 1–2; Dkt. No. 18-1 at 2, 4. He was arrested by immigration authorities for a second time in December 2023, near Baltimore, Maryland. Dkt. No. 17 at 2; Dkt. No. 18-2 at 4. The U.S. Department of Homeland Security ("DHS") reinstated Martir-Martinez's prior order of removal. Dkt. No. 18-2 at 2; *see* 8 U.S.C. §§

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

1182(a)(9)(A)(ii), 1231(a)(5). DHS recommended keeping Martir-Martinez "in custody pending his removal to El Salvador." Dkt. No. 18-2 at 4.

After this second arrest, Martir-Martinez claimed he feared for his life if he was removed to El Salvador. Dkt. No. 17 at 2. U.S. Citizenship and Immigration Services ("USCIS") found that he had a reasonable fear of return and placed him in withholding-only proceedings on January 17, 2024. *Id.* Martir-Martinez then filed applications for withholding and protection from removal under the Convention Against Torture; an Immigration Judge ("IJ") denied the applications in October 2024. Dkt. No. 18-3 at 2. Martir-Martinez appealed the denial of his applications to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on February 21, 2025. Dkt. No. 17 at 2; Dkt. No. 6 at 10. Martir-Martinez unsuccessfully moved the BIA to reconsider, Dkt. No. 6 at 10–11, 19–21, and also appealed the BIA decision to the Fourth Circuit Court of Appeals, Dkt. No. 17 at 2. On December 23, 2024, while Martir-Martinez was pursuing these appeals, U.S. Immigration and Customs Enforcement ("ICE") moved him to the Northwest ICE Processing Center ("NWIPC"). Dkt. No. 6 at 16 n.2.[1]

On October 23, 2025, ICE cleared Martir-Martinez for final removal to El Salvador. Dkt. No. 17 at 2. However, on November 13, 2025, the Fourth Circuit Court of Appeals issued an administrative stay of removal, and a week later issued a stay of removal pending appeal. *Id.*; *see Martir-Martinez v. Bondi*, No. 25-1328, Dkt. Nos. 36, 39 (4th Cir. Nov. 2025). The appellate litigation remains pending.

After receiving notice of the stay, DHS requested a bond hearing for Martir-Martinez, which was conducted by an IJ on November 28, 2025. Dkt. No. 17 at 3; Dkt. No. 18-4. The IJ

---

[1] It appears that Martir-Martinez was previously detained at the Farmville Detention Center operated by ICE in Farmville, Virginia. *See* Dkt. No. 6 at 13 (notice of withholding-only hearing addressed to Martir-Martinez at the Farmville Detention Center).

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

found that the ICE had shown by clear and convincing evidence that Martir-Martinez was a danger to the community and a flight risk and denied bond. Dkt. No. 17 at 3; Dkt. No. 18-4.

On October 31, 2025, Martir-Martinez sought leave to proceed *in forma pauperis* ("IFP") to bring this habeas petition. Dkt. No. 1. He also filed an emergency petition for a temporary restraining order ("TRO") and temporary injunction. Dkt. No. 2. Judge Tsuchida granted the IFP application, Dkt. No. 5, and Martir-Martinez's habeas petition was docketed on November 5, 2025, Dkt. No. 6. The same day, the undersigned denied Martir-Martinez's request for a TRO because he had failed to allege that he would suffer irreparable injury (namely, immediate removal to El Salvador) in the absence of emergency relief. Dkt. No. 7. Martir-Martinez moved for reconsideration of the TRO denial, Dkt. No. 9, which the undersigned denied on November 26, 2025, Dkt. No. 13. On December 5, 2025, Respondents[2] filed a response to the petition for habeas corpus, accompanied by two declarations. Dkt. Nos. 16–18. On January 8, 2026, Judge Tsuchida issued the R&R recommending that the habeas petition be denied. Dkt. No. 19. Martir-Martinez filed objections to the R&R on February 5, 2026. Dkt. No. 20.

A.      **Judge Tsuchida's R&R**

Judge Tsuchida recommended denying Martir-Martinez's petition and dismissing the case. Dkt. No. 19 at 1. Judge Tsuchida concluded that the predicament addressed in *Zadvydas v. Davis*, 533 U.S. 678 (2001)—that is, individuals who face potentially indefinite detention because there

---

[2] Martir-Martinez's petition names only Bruce Scott, the warden of the NWIPC, as a respondent. Dkt. No. 6 at 1. The United States entered a notice of appearance as an interested- non-party "on behalf of U.S. Immigration and Customs Enforcement ("ICE") Seattle Field Office Director Laura Hermosillo, U.S. Department of Homeland Security ("DHS") Secretary Kristi Noem, DHS, and U.S. Attorney General Pamela Bondi[.]" Dkt. No. 15 at 1.

Although Bruce Scott, the warden of the NWIPC, has not appeared in this case, (1) the purpose of naming the petitioner's custodian is to effectuate injunctive relief where appropriate, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary" (citation modified)); and (2) federal respondents often represent the warden's interests, as they do in this case, *see Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024) ("Even in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained.").

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

is no reasonable likelihood of removal in the foreseeable future—is inapplicable here because Martir-Martinez was previously removed to El Salvador and "Respondents contend they face no obstacles in again removing him once the stay is resolved." *Id.* at 3. Judge Tsuchida also concluded that the bond hearing provided by DHS in November 2025 "afforded all the process [Martir-Martinez] is due." *Id.* at 4. Judge Tsuchida rejected "any suggestion [from Respondents that] the length of Petitioner's detention is his fault," but concluded that, in the absence of statutory grounds to grant immediate release, Martir-Martinez's detention is lawful and his petition should therefore be denied. *Id.* at 3–4.

**B.      Martir-Martinez's Objections**

Martir-Martinez objected to the R&R. Dkt. No. 20. He contends that he has spent over three years in custody. *Id.* at 2.[3] He argues that when he was first arrested in March 2022, he "was never afforded the opportunity to plead his case" for asylum, which may have been granted because immigration judges "were more sympathetic then" given the events at that time in El Salvador. *Id.* He also argues the merits of his pending asylum claim, contending that he was forced to join a gang and that he faces death if removed to El Salvador. *Id.* at 2–3. He argues that his current detention is "in contradiction to his liberty interest and constitutional protections, as detention has now become a violation of law as described above a matter that is ripe for adjudication and subjection this . . . filing and objections to the report herein," *id.* at 3, but he does not further elaborate on any due process arguments.

---

[3] The Court notes that Martir-Martinez was arrested for the second time in December 2023, Dkt. No. 18-2, which was about two years and three months ago. *See also* Dkt. No. 6 at 3 (indicating that Martir-Martinez had been detained for coming up on two years when he filed his habeas petition in November 2025). It is unclear whether and for what length of time Martir-Martinez was detained after his first arrest in 2022.

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

## II.    LEGAL STANDARDS

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also id.* ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman v. Wolf*, 977 F.3d 935, 942 (9th Cir. 2020) (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process protections extend to deportation proceedings, but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

### III.     DISCUSSION

Because Martir-Martinez's objections to the R&R do not specifically object to Judge Tsuchida's conclusions regarding Martir-Martinez's due process allegations (and rather focus on the merits of his pending asylum claim), the Court could simply accept the conclusions as correct. *See Reyna-Tapia*, 328 F.3d at 1121. Regardless, the Court independently agrees with Judge Tsuchida's conclusions for the following reasons.

Martir-Martinez is currently detained pursuant to 8 U.S.C. § 1231(a); his first final removal order was reinstated upon his second arrest. *See* 8 U.S.C. § 1231(a)(5); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 530–32 (2021) (detailing withholding-only procedures); *Padilla-Ramirez v. Bible*, 882 F.3d 826, 831–33 (9th Cir. 2017) (holding that reinstated removal orders are administratively final for purposes of detention, even if there are ongoing withholding-only proceedings). Noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"), 8 U.S.C. § 1231(a)(2), and "may be detained beyond the removal period," *id.* § 1231(a)(6). The presumptively reasonable timeframe for detaining a noncitizen is six months after the issuance of a final removal order.

ORDER ADOPTING REPORT AND RECOMMENDATION - 6

*Zadvydas*, 533 U.S. at 701. "After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Here, although Martir-Martinez has been detained for a long time, he has not provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. To the contrary, as Judge Tsuchida concluded, Martir-Martinez "was removed to El Salvador in 2022, and Respondents contend they face no obstacles in again removing him once the stay is resolved"; thus, "[t]he concern addressed in *Zadvydas* is . . . inapplicable here." Dkt. No. 19 at 3.

Additionally, Respondents aver, and Martir-Martinez does not dispute, that an IJ conducted a bond hearing for him on November 28, 2025. Dkt. No. 17 at 3; Dkt. No. 18-4. Martir-Martinez preserved his right to, but ultimately did not, appeal the IJ's decision to deny him bond based on clear and convincing evidence that Martir-Martinez was a danger to the community and a flight risk. Dkt. No. 17 at 3; Dkt. No. 18-4 at 2–3. As Judge Tsuchida concluded, Martir-Martinez "has been afforded all the process he is due" and does not otherwise point to other "statutory grounds to grant immediate release." Dkt. No. 19 at 3–4.

## IV.    CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation, Dkt. No. 19, and DENIES the petition for a writ of habeas corpus, Dkt. No. 6. The Clerk is directed to send copies of this Order to all counsel of record and to Martir-Martinez.

Dated this 13th day of March, 2026.

Lauren King
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 7